**PEOPLE FOR the ETHICAL
TREATMENT OF ANIMALS,
et al., Plaintiffs,**

**v.**

**Bruce BABBITT, et al., Defendant.**

**Civ. A. No. 93–1836.**

United States District Court,
District of Columbia.

Sept. 17, 1993.

Katherine A. Meyer, Eric R. Glitzenstein, Meyer & Glitzenstein, Washington, DC, for plaintiff.

Janet Reno, U.S. Atty. Gen., Frank W. Hunger, Asst. Atty. Gen., J. Ramsey Johnson, U.S. Atty., Elinor Colburn, Atty., U.S. Dept. of Justice, for defendant.

George J. Mannina, Jr. and Gary C. Adler, Washington, DC, for intervenor-defendant Bobby Berosini Ltd.

## ORDER

CHARLES R. RICHEY, District Judge.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court held a status call in the above-captioned case on September 10, 1993, in which counsel for Bobby Berosini, Ltd. ("Bobby Berosini"), took part as an observer. Before the Court is Bobby Berosini's Motion to Intervene as Defendant in this action, filed on September 13, 1993. Bobby Berosini seeks to intervene as of right pursuant to Federal Rules of Civil Procedure 24(a)(2), or in the alternative, to obtain permissive intervention under Fed.R.Civ.P. 24(b). After carefully considering the Motion to Intervene, supporting memorandum, the lack of opposition,[1] and the underlying law, the Court concludes that Bobby Berosini, Ltd. is entitled to intervene as of right in this case.

### I. BACKGROUND

Plaintiffs are national non-profit organizations dedicated to the elimination of animal abuse, as well as individuals with interests in primates. On September 2, 1993, Plaintiffs filed suit against the Secretary of the Department of the Interior and the Acting Director of the Fish and Wildlife Service. Plaintiffs allege that Bobby Berosini has purchased and maintained orangutans for his nightclub act through captive-bred wildlife registration, and that in allowing him to do so, the Government has violated the Endangered Species Act of 1973, 16 U.S.C. §§ 1531 et seq., and the Administrative Procedure Act. Plaintiffs seek injunctive and declaratory relief to remedy this situation.

### II. ANALYSIS

■ Fed.R.Civ.P. 24(a)(2) lays out the relevant legal standard for intervention of right:

Upon timely application anyone shall be permitted to intervene in an action:

. . . .

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

This Circuit recognizes four requirements for intervention of right: (1) timeliness; (2) cognizable interest; (3) impairment; and (4) lack of adequate representation. Williams & Humbert, Ltd. v. W. & H. Trade Marks, Ltd., 840 F.2d 72, 74 (D.C.Cir.1988); see Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C.Cir.1986).

■ Determining the timeliness of intervention is left to the "sound discretion" of the trial court. Williams & Humbert at 74. All the related circumstances should be considered, especially the amount of time elapsed since the suit was filed, the purpose of intervention, the need to preserve the applicant's rights, and the probability of prejudice to existing parties. United States v. American Tel. & Tel. Co., 642 F.2d 1285, 1295 (D.C.Cir.1980). Because Bobby Berosini filed his motion only 11 days after the Complaint and he has a substantial economic need in preserving all possible rights to use the orangutans in his nightclub act, the Court concludes that his Motion to Intervene is timely.

■ To meet the cognizable interest requirement, an applicant should "allege a legally sufficient claim or defense," as the fo-

---

1. The Plaintiffs informed the Court that they have no objection to Berosini's intervention as a defendant. Plaintiffs' Response to Motion to Intervene. Apparently, Defendants have no posi-

tion regarding Berosini's intervention as an additional defendant. See Motion to Intervene as Defendant ¶ 4.

cus is not "whether the application is likely to prevail on the merits." *Williams & Humbert* at 75. Furthermore, this requirement is primarily a test for judicial economy and fairness in litigation. *See Nuesse v. Camp,* 385 F.2d 694, 700 (D.C.Cir.1967) (stating that the cognizable interest requirement assists in "dispos[ing] of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process"). The proposed intervenor-defendant's interest in protecting his business is cognizable in that it is legally sufficient for involvement in the lawsuit, and would not hinder its disposition.

Bobby Berosini has also demonstrated that denial of his Motion to Intervene would impair this cognizable interest in protecting his business. Because Plaintiffs seek the invalidation and revocation of Berosini's captive-bred wildlife permit, as well as a Court Order directing the Government to take possession of the animals, disposing of this lawsuit would directly impair Berosini's interest. *See Dimond v. District of Columbia,* 792 F.2d 179, 192 (D.C.Cir.1986).

 Finally, the divergence of interests between the Government and Berosini shows that Berosini's interests would not be adequately represented. Intervention should be allowed when "there is a serious possibility that the absentee's interest may not be adequately represented by any existing party." *United States v. American Tel. & Tel. Co.,* 642 F.2d 1285, 1293 (D.C.Cir.1980) (citing *Nuesse v. Camp,* 385 F.2d 694, 704 (D.C.Cir. 1967)). Because the Government has a mandate to design and enforce an entire regulatory system in the public interest and Bobby Berosini's livelihood may rest on the revocation of a single permit, Bobby Berosini's interests would not be sufficiently served through the Government's representation in this case. *See Dimond v. District of Columbia,* 792 F.2d 179, 193 (D.C.Cir.1986) (recognizing that such a potential conflict of interest satisfies the minimal burden of showing inadequate representation).

Accordingly, it is, by the Court, this 17th day of September, 1993,

ORDERED that Bobby Berosini, Limited's Motion to Intervene as Defendant shall be and hereby is GRANTED.